IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502; and TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502, <br><br> TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 803; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 803; and TRUSTEEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 803, <br><br> Plaintiffs, <br><br> v. <br><br> R. A. BRIGHT CONSTRUCTION, INC., an Illinois corporation, <br> Defendant. | No. <br><br> FILED: MAY 20, 2008 <br> 08CV2920    TG <br> JUDGE DARRAH <br> MAGISTRATE JUDGE NOLAN <br><br> Judge <br><br><br> Magistrate Judge |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, R. A. BRIGHT CONSTRUCTION, INC., as follows:

## COUNT I

1.    (a)   Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

       (b)   Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

1

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are the TRUSTEES OF THE CEMENT MASONS PENSION FUND, .LOCAL 502; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502; AND TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502, ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. Defendant, R. A. BRIGHT CONSTRUCTION, INC., **("R. A. BRIGHT")**, is an Illinois corporation doing business within this Court's jurisdiction. **R. A. BRIGHT** is an employer engaged in an industry affecting commerce.

5. Since **October 21, 1993, R. A. BRIGHT** has agreed to be bound by successive collective bargaining agreements with the Union pursuant to which it is required to make periodic contributions to the Cement Masons Pension Funds on behalf of its employees by virtue of submitting signed monthly fringe benefit report forms to Plaintiffs (Exhibit "A").

6. **R. A. BRIGHT** is required to make contributions to the Funds on behalf of its Cement Mason employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

7. Plaintiffs are advised and believe that **January 1, 2006, R. A. BRIGHT** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. **R. A. BRIGHT** be ordered to submit to an audit for the period **January 1, 2006 to the present**.

B. Judgment be entered on any amounts found to be due on the audit.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D. **R. A. BRIGHT** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor

Relations Act, 29 U.S. C. Section 185(a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are the TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 803; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 803; AND TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 803, ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. Defendant, R. A. BRIGHT CONSTRUCTION, INC., ("R. A. BRIGHT"), is an Illinois corporation doing business within this Court's jurisdiction. **R. A. BRIGHT** is an employer engaged in an industry affecting commerce.

5. Since **October 21, 1993, R. A. BRIGHT** has agreed to be bound by successive

collective bargaining agreements with the Union pursuant to which it is required to make periodic contributions to the Cement Masons Pension Funds on behalf of its employees by virtue of submitting signed monthly fringe benefit report forms to Plaintiffs (Exhibit "A").

6. **R. A. BRIGHT** is required to make contributions to the Funds on behalf of its Cement Mason employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

7. Plaintiffs are advised and believe that **January 1, 2006, R. A. BRIGHT** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. **R. A. BRIGHT** be ordered to submit to an audit for the period **January 1, 2006 to the present**.

B. Judgment be entered on any amounts found to be due on the audit.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D. **R. A. BRIGHT** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.  This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502, et al. and TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 803, et al**

By: ___s/Donald D. Schwartz___
  One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 W. Jackson Blvd.
Chicago, IL 60604
(312) 236-0415

# OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION

## MEMORANDUM OF AGREEMENT

6423 (MC)
(803)

This Agreement is entered into by and between Cement Masons and Plasterers Local Unions No. 5, 502, 803, 638, 161, a 362, affiliated with the Operative Plasterers' and Cement Masons' International Association, AFL-CIO, together with any ot[her] ocals which may be formed in the Northern Illinois District Council (collectively referred to as the Union) and _RA Bright Const Inc_ (referred to as the Employer).

1. Employer, in response to the Union's Claim that it represents an uncoerced majority of each Employer's employe[es] acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does repres[ent] such majority of employees. Therefore, the Union is hereby recognized as the sole and exclusive collective bargain[ing] representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work a[nd] other terms and conditions of employment.

2. The Collective Bargaining Agreements between the employer Associations including, but not limited to the following, a[nd] any of the local unions where applicable and in the geographical jurisdiction of the Local Union where bargained, are here[by] incorporated herein with the same force and effect as if herein set forth in full, with respect to the wages, hours of work a[nd] fringe benefits and all other terms and conditions of employment for all aforesaid Cement Masons, Plasterers and Shop Ha[nd] employees who are or have been employed by the Employer:

The Employer affirms the Collective Bargaining Agreements between the Union and the Association of Employers listed bel[ow] as applicable to him, with all amendments thereto. The terms of this Agreement shall control in the event of a conflict w[ith] the Association agreements.

The Illinois Road Builders Association; The Builders Association; The Concrete Contractors Association; The Plasteri[ng] Contractors Association; The Contractors Association; The Road and Bridge Builders Association; The Employing Plastere[rs] Association; The Mason Contractors Association, The Fox Valley General Contractors Association; The Lake Coun[ty] Contractors Development Association; and any or all other Employers' Associations who are party to a Collective Bargaini[ng] Agreement with any of the aforesaid Local Unions. Nothing herein shall limit the jurisdiction of this Agreement to less th[an] the State of Illinois.

The Employer agrees to pay the Amounts which he (it) is bound under the aforementioned Collective Bargaini[ng] Agreements to the CEMENT MASONS' & PLASTERERS' WELFARE FUND, THE CEMENT MASONS' AND PLASTERE[RS] PENSION FUND, the CEMENT MASONS' & PLASTERERS' SAVING FUND, and to become bound by and be considered a pa[rty] to the Trust Agreement upon which the Funds above are based, and acknowledges and agrees to be bound by any and [all] separate Agreements with the Trustees of the various Funds or any Agreements with the officials of aforesaid Local Unio[ns] as if he (it) has signed the original copies of the Trust instruments and any amendments thereto. The Employer rectifies a[nd] confirms the appointment of the Employer Trustees who shall, together with their Successor Trustees designated in t[he] manner provided in said Agreements and Declarations of Trust, and jointly with and equal number of Trustees appointed [by] the Union, carry out the terms and conditions of the Trust Agreements.

The Employer further affirms and re-establishes that all prior contributions to the Welfare, Pension, Apprentice and Savin[gs] Funds were made by duly authorized agents of the Employer at the proper rates for the appropriate periods of time and th[at] by making said prior contributions the Employer evidenced the intent to be bound by the terms of the Trust Agreement a[nd] Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the repo[rts] form to be sufficient instrument in writing to bind the Employer to the applicable agreements. The Employer further agre[es] that the Trustees may at any time have an audit made by an independent public accountant or its representatives of t[he] payroll records of the Employer in connection with said contributions and/or reports. Where an audit discloses a differen[ce] between hours actually worked by an employee and hours reported to the Funds by the Employer and where such au[dit] discloses any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the Employ[er if] a corporation, or the owner or partners of the Employer, as applicable, shall be personally liable for any underpayment [or] other pecuniary loss to the Fund as a result of such conduct.

Employees covered by this Memorandum of Agreement shall retain all the work traditionally performed by Cement Mason[s,] Plasterers and Shop Hands. The Employer agrees that he will not cause any such traditionally performed work to be do[ne] on a construction site by employees other than those covered by this Memorandum of Agreement, except with the pri[or] written consent of the Union. Any Employer who contracts out or sublets any part of the work coming within the jurisdicti[on of] the Union shall act as Guarantor of each subcontractor for prompt payment of employees wages and other benefi[ts in]cluding reasonable attorneys fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to t[he]

EXHIBIT A

5. It is further agreed that the Employer will pay all of its Cement Mason or Plasterer or Shop Hand employees on an hourly basis only. Piece rate wages shall not, under any circumstances, be permitted.

6. In the event of any changes in ownership, management or operation of the Employer's business by sale or otherwise it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement applicable to all successors and transferrers and assigns of the Employer, whether corporate or otherwise.

7. The parties agree that nothing herein is intended to nor shall it be construed as created recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to geographic jurisdiction of the Local Unions.

8. That the individual signing this Agreement agrees to be personally, jointly and severally liable with the Employer for willful failure to pay wages or to accurately report hours to the fringe benefits required by contract.

9. That this document is the complete written Agreement between the parties and can only be amended in writing by parties. No other oral representatives shall be binding on either party nor shall any party rely upon such oral statements to vary the terms of the written Contract.

10. This Agreement shall remain in full force and effect through the 31st day of May, 19 94 unless either party serves written notice to modify or amend this Agreement by registered or certified mail no sooner than ninety (90) days but no later than sixty (60) days prior to expiration.

11. In the absence of notice provided in paragraph 9 above the Employer and the Union agree to be bound to the Area Wide negotiated Contracts with the various Associations which are incorporated into this Memorandum of Agreement and extend this Agreement for the life of the newly negotiated Contract and any extensions, modifications and amendments thereto and to incorporate them by reference in this Memorandum.

12. The Employer acknowledges and accepts the facsimile signatures on this Contract as if they were the original signatures. Employer further acknowledges receipt of a copy of the complete Memorandum of Agreement and is further advised that he can obtain copies of any incorporated documents upon request from the Union.

IN WITNESS WHEREOF and in consideration of the mutual promises of the parties hereto, and for other good and valuable consideration this Memorandum of Joint Working Agreement was entered into this 21 day of October, 19 93.

_R A Burket_ (signature)
Employer/Company Name
1001 Hanslik Ct. Naperville, IL 60564
Address

_[signature]_
Signature/Title
851-5250
Phone

_[signature]_
Local Union No. 5

_Robert Littmueller_
C.M. Local Union 803

_Charles Frontini_
C.M. & P. Local Union No. 161

_Gerald J. Horn_
C.M. Local Union No. 502

_Russell Will_
C.M. & P. Local Union No. 638

_[signature]_
C.M. & P. Local Union No. 362

C.M. = Cement Masons   P. = Plasterers